Appellants, as executors of the estate of William D. Lippincott, deceased, appeal from a judgment of the Burlington County Court, Probate Division, denying additional counsel fees for services performed by Judge Lippincott, between 1922, when testator died, and December 18, 1941, when the first intermediate account of respondents, surviving trustees under the will of Arthur Dorrance, deceased, was filed. In that account allowance of counsel fees in the amount of $3,000 was made for Judge Lippincott's services, although it is undenied that he sought a counsel fee of $5,000, but, by reason of the objection of one of the trustees, he agreed to make application for $3,000 as a proctor's *Page 238 
fee. That sum was allowed by the order of December 18, 1941.
On December 10, 1948, a second intermediary account was filed by the surviving trustees. Notice was served on the interested parties, by the executors and trustees of the estate of William D. Lippincott, deceased, that application would be made to the court for the allowance of counsel fees to the estate of William D. Lippincott, for services rendered by him to the trustees and to the estate of Arthur Dorrance, deceased, in the sum of $7,500, to cover services from the time of his first association as proctor of said estate to the date of his death, on February 13, 1944. This application was based on the alleged value of services during the entire period he acted as proctor for the estate, after giving credit for the $3,000 allowed by order of the court in 1941.
The Judge of the Probate Court held that the decree, dated December 18, 1941, allowing the intermediate account, and ordering "to Wm. D. Lippincott, Esq., Proctor for Petitioners, a proctor's fee of $3,000;" was conclusive as to such allowance and binding upon the parties and the court. There is nothing to support the contention that the allowance was "on account" as urged by appellants. Judge Lippincott may have felt that the allowance was inadequate, as is evidenced by the provision in his will, directing his executors to make application for additional allowance for his services prior to the filing of the intermediate account. However, this cannot affect the conclusiveness of the order allowing the proctor's fee, in the absence of anything to indicate that it was anything but a full and complete allowance, and not an allowance on account.
Upon the filing of the second intermediate account of the trustees, application, upon due notice, was made for allowance of proctor's fee for the services performed by Judge Lippincott from December 18, 1941, the date of the first intermediate account, to the date of his death. The court allowed $225, one-third of which was to be paid from each of the three trusts involved. Appeal is taken from this allowance, as being inadequate. *Page 239 
From the uncontradicted proof it appears that the corpus of each of the three trusts involved exceeds $500,000; that Judge Lippincott was available for frequent consultations with the trustees and performed various services on behalf of the trusts. Likewise, various and extended services were rendered by members of Judge Lippincott's office staff, under his direction and guidance. In view of the character and volume of the estate, and the responsibility and continued service performed, we conclude that the allowance is grossly inadequate. From the proof submitted, we conclude that a proctor's fee of $1,800 should be allowed for the service of William D. Lippincott performed after the date of said first intermediate account, payable $600 from each of the separate trusts for Constance Groves Pilcher, May Therese Groves Rakestraw and Charlotte Elaine Groves Griffith.
The judgment under review is affirmed as to the disallowance of additional fee for services of William D. Lippincott as proctor, performed prior to December 18, 1941, and modified as to the allowance for his services subsequent to said date.